UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BRIAN WOLFE,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

Civil Action No. 14-11397
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT IN PART
PETITIONER'S APPLICATION FOR SECTION 406(b) ATTORNEY FEES
[R. 19]**

**I. INTRODUCTION**

    Robert K. Gaecke, Jr., counsel for Plaintiff Ronald Brian Wolfe, seeks an award of $15,644.95 for attorney fees under 42 U.S.C. § 406(b) of the Social Security Act. [R. 19].[1] The requested amount represents 25% of Wolfe's past due benefits, and the Social Security Administration withheld that amount from Wolfe to account for any approved attorney fees. [R. 19-

---

[1] This motion was referred to the undersigned by the Honorable Terrence G. Berg for hearing and determination. [R. 20]. However, 28 U.S.C. § 636(b)(3) requires that this Court issue a report and recommendation. *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455-56 (6th Cir. 2012).

2, PgID 835]. The Commissioner does not object to an award in the amount Gaecke requests. [R. 22]. Nonetheless, the Court **RECOMMENDS** that Gaecke's motion be only **GRANTED IN PART**, because his award should be reduced by $3,937.50 due to his failure to apply for attorney fees pursuant the Equal Access to Justice Act (EAJA).

**II.   ANALYSIS**

**A.**

In Social Security cases, attorney's fees may be awarded under Section 406(b)(1)(A) of the Social Security Act and the EAJA (28 U.S.C. § 2412(d)). *Minor v. Commissioner of Social Security,* 826 F.3d 878, 880 (6th Cir. 2016). A significant difference between Section 406(b) and EAJA attorney fees is there source: "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Id.* at 881.

The EAJA generally increases a successful Social Security claimant's portion of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). That is because "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" *Id.* (quoting Act of Aug. 5, 1985, Pub.L. 99–80,

2

§ 3, 99 Stat. 186). *See also Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *1 (E.D. Mich. Feb. 9, 2016) ("[T]he EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client."). The EAJA allows a maximum attorney fee of $125.00 per hour. § 2412(d)(2)(A)(ii). A motion for an award of EAJA fees is due within 30 days of final judgment in the action, must itemize "the actual time expended and the rate at which fees and other expenses were computed," and must "allege that the position of the United States was not substantially justified." § 2142(d)(1)(B). *See also Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

    Here, Gaecke alleged in the motion for summary judgment that the Commissioner's decision was not substantially justified, [R. 11, PgID 750], yet he did not file a motion for EAJA fees within 30 days of the final judgment with the required itemizations. He states in his motion for Section 406(b) attorney fees that that he spent 31.50 hours on this case in this Court, [R. 19-5, PgID 842-45], which translates into an expected EAJA award of $3,937.50 (at $125.00 per hour). That amount would ordinarily be refunded to Wolfe should the Court grant Gaecke's motion for Section 406(b) benefits. *Gisbrecht*, 535 U.S. at 796; *Drake*, 2016 WL 492704, at *1. But because Gaecke failed to move for EAJA funds in accordance with

3

§ 2142(d)(1)(B), Wolfe will not receive that refund.

## B.

Under these circumstances, it would be unreasonable to award Gaecke the full $15,644.95 that he requests. Section 406(b) allows an attorney fee of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht*, 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Despite this presumption, Gaecke's failure to apply for EAJA in order to increase the award to Wolfe deems unreasonable the full amount of the Section 406(b) fees he requests. "The unreasonableness of the request lies in plaintiff's attorney's failure to request EAJA fees." *Iliceto v. Sec'y of Dep't of Health & Human Servs., of U.S.*, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990). "To prevent plaintiffs from being penalized as a result of counsels' failures to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failures to apply for EAJA fees into account in determining a reasonable fee for their services." *Allen v. Comm'r of Soc. Sec.*, No. 10 CIV. 0068 LAP FM, 2012 WL 1596661, at *5 (S.D.N.Y.

4

Apr. 27, 2012), *report and recommendation adopted*, No. 10 CIV. 0068 LAP FM, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013).  *See also Dickey v. Colvin*, No. CV 12-3036, 2016 WL 7383870, at *4 (W.D. La. Nov. 29, 2016), *report and recommendation adopted*, No. CV 12-3036, 2016 WL 7388399 (W.D. La. Dec. 20, 2016) (collecting cases).

There is otherwise no suggestion that Gaecke was ineffective or that the amount of Section 406(b) fees requested is unreasonable.  Thus, the Court recommends that his request for attorney fees be granted, but that the $15,644.95 he requests be reduced by $3,937.50, resulting in an award of $11,707.45.

### III. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that Gaecke's motion for 42 U.S.C. § 406(b) attorney fees be **GRANTED IN PART**, and that he be awarded $11,707.45.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 30, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2016.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager